**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GERALDINE DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12777** |
| **APACHE INDUSTRIAL SERVICES, INC. ET. AL.** | **SECTION: "B"(2)** |

**ORDER AND REASONS**

Before the Court is Defendant Apache Industrial Services, Inc.'s ("Defendant Apache") Motion to Dismiss (Rec. Doc. 15), Plaintiff Geraldine Dunn's Response in Opposition (Rec. Doc. 40), and Defendant Apache's Reply (Rec. Doc. 47). For the reasons discussed below,

**IT IS ORDERED** that Defendant Apache's motion to dismiss is **GRANTED.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff is approximately 40-years old and a resident of the parish of East Baton Rouge, Louisiana. *See* Rec. Doc. 1 at 2. In or around June 2016, she was employed as a bus driver and painter for Defendant Apache, a foreign corporation with its principal place of business in Texas and subcontractor for Defendant Phillips 66 Company ("Defendant Phillips"). *See id*. at 3. Plaintiff alleges that Defendant Apache, along with Defendant Phillips, discriminated against her, retaliated against her, and wrongly terminated her. *See id*.

On or around August 8, 2016, Plaintiff began working a turnaround job for Defendant Apache. *See id*. Plaintiff, who claims approximately 15 years of experience, alleges that she was earning $19.00 per hour while her male counterparts were earning $23.00 per hour. *See id*. Plaintiff further alleges that she spoke with management about raising her hourly pay to $23.00 on more than one occasion. *See id*. She was told that her hourly pay would be increased to $23.00 but she never received an increase. *See id*. She states that she was subsequently subjected to harassment and discrimination. *See id*. Specifically, she states that she was forced to performed additional duties that other male employees were not required to perform and yelled at in front of other male employees.[1] *See id*. at 4.

On or around October 13, 2016, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("October 2016 Charge") alleging unfair treatment. *See id*. On or around October 24, 2016, Plaintiff attended a meeting with safety management to discuss knee pain. *See id*. She was given two days off from work. *See id*. She returned to work on October 27, 2016 and was terminated. *See id*. Plaintiff "believes that she

[1] Plaintiff alleges in her Complaint that on or around September 28, 2016 a supervisor brought paint to the work area for other male employees only. Plaintiff was told to get her own paint and when she asked why, the supervisor began to yell at her. *See* Rec. Doc. 1 at 4.

was terminated in retaliation and as a result of her filing an EEOC Charge of [D]iscrimination.[2]" *See id.*

On November 28, 2016, Plaintiff filed another EEOC Charge of Discrimination ("November 2016 Charge") alleging gender discrimination, retaliation, and unequal pay. *See id.* at 5. Plaintiff explained the facts surrounding her allegations (being paid less than her male counterparts and yelled at by her male supervisor) and named Defendant Apache as the employer that discriminated against her. *See* Rec. Doc. 15-3 at 1.

On January 4, 2017, Plaintiff filed another EEOC Charge of Discrimination ("January 2017 Charge") alleging retaliatory wrongful termination. *See* Rec. Doc. 1 at 13-14. Plaintiff explained the facts surrounding her allegation (that she filed an EEOC Charge of Discrimination and subsequently was discharged) and named Defendant Apache as the employer that discriminated against her. *See* Rec. Doc. 15-3 at 1. Plaintiff also mentioned that she was told she was being discharged because "[Defendant Phillips] did not want [her] on their property" and that she thought she was being discharged "in retaliation for filing [November 2016 Charge] . . . ." Rec. Doc. 15-4 at 1.

[2] There is ambiguity as to which charge Plaintiff is referencing. *See* FN 4 (explaining the ambiguity). Even though Plaintiff fails to fully mention the October 2016 Charge, Plaintiff must be referring to that charge because it is hard to imagine that Plaintiff was terminated on October 27, 2016 for the November 2016 Charge or the January 2017 Charge as those two Charges were filed after her termination occurred.

On August 20, 2017, Plaintiff received a "Dismissal and Notice of Rights" for "both of her aforementioned Charges of Discrimination[3]." Rec. Doc. 1 at 5. Exactly three months after receiving her "Notice of Right to Sue" letter from the EEOC, November 20, 2017, Plaintiff filed her Complaint.[4] On April 03, 2018, Defendant Apache filed a motion to dismiss for failure to state a claim in lieu of an answer. *See* Rec. Doc. 15. On May 17, 2018, Plaintiff filed a response in opposition. *See* Rec. Doc. 40. On May 24, 2018, Defendant Apache filed for leave to file a reply. *See* Rec. Doc. 43. On May 29, 2018, Defendant Apache's reply was added to the record. *See* Rec. Doc. 47.

**LAW AND ANALYSIS**

[3] There is ambiguity in the phrase "both of her aforementioned Charges of Discrimination." Specifically, it is unclear which two charges Plaintiff is referring to when she writes "both." Plaintiff uses the phrase for the first time at Rec. Doc. 1 at 5. At that point, she has only mentioned two charges, October 2016 Charge and November 2016 Charge. *See* Rec. Doc. 1 at 4-5. Plaintiff uses the phrase two more times at Rec. Doc. 1 at 7, 8. At those points, she has mentioned three charges. It seems that she is using "both" to refer November 2016 Charge and January 2017 Charge, not October 2016 Charge. Plaintiff refers to October 2016 Charge once and makes no mention of it being attached to her Complaint as an exhibit. *See id.* at 4. Plaintiff refers to the other two charges, November 2016 Charge and the January 2017 Charge, throughout her Complaint and states that true and accurate copies are attached. *See id.* at 5, 6, 8. However, there is still some ambiguity because there are no exhibits attached to her Complaint and Plaintiff only mentions the October 2016 Charge and November 2016 Charge in her Response. *See* Rec. Doc. 1; Rec. Doc. 41 at 2. Defendant Apache attached only November 2016 Charge (Rec. Doc. 15-3) and January 2017 Charge (Rec. Doc. 15-4) to its motion to dismiss. So, it may be that those two charges are the material charges in this case. The ambiguity surrounding this issue can be solved with a copy of the "Dismissal and Notice of Rights" letter, Plaintiff's suppose-to-be-attached Exhibit C.

[4] Plaintiff brings her claims under (1) Title VII of the Civil Rights Act of 1964; (2) the Equal Pay Act of 1963; (3) the Age Discrimination in Employment Act of 1967; (4) Louisiana Civil Code Article 2315; (5) the Louisiana Whistleblower Statute, LA Rev Stat § 23:967. Plaintiff also seeks damages under the Equal Rights Under the Law, 42 U.S.C. § 1981(a); Retaliation, 29 U.S.C. § 215 (a)(3); and Reasonable Attorney Fees, 29 U.S.C. § 216 (b). *See* Rec. Doc. 1 at 4-10.

**A. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks

omitted). Plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B. ADEA Claims**

To bring a claim under the ADEA, a plaintiff must first exhaust his or her administrative remedies. *See Patterson v. Houston Indep. Sch. Dist.*, 2012 U.S. Dist. LEXIS 192253 *1, *20 (S.D. Tex. 2012) citing to *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489-90 (5th Cir. 2010); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 (5th Cir. 2002). To properly exhaust their administrative remedies, the employee must file a charge with the EEOC. *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). The primary purpose of this exhaustion requirement is to trigger both the investigatory and conciliatory procedures of the EEOC, in attempt to reach a non-judicial resolution of the alleged discrimination. *See id.* at 789.

While the Fifth Circuit does not require a plaintiff to check a certain box, recite specific language, or allege a [*prima face*] case before the EEOC, it does expect that after a "somewhat [broad]" reading of the charge, it can reasonably identify claims expected to grow from the charge. *See id.* at 792. The claims expected to reasonably to from the charge set the scope of the plaintiff's complaint. *See Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 271 (5th Cir. 2004). In other words, the scope of a plaintiff's complaint is limited by the scope of their EEOC charge.

*See id*. If plaintiffs were allowed to go beyond the scope of their charges, the primary purpose of the exhaustion requirement would be circumvented, and the charged party would be deprived of notice. *See id.*

Plaintiff's Complaint does not contain sufficient facts to state that Plaintiff properly exhausted her administrative remedies by first filing an EEOC charge asserting allegations of age discrimination. Specifically, in her Complaint, Plaintiff states that she filed an EEOC Charge on or around October 13, 2016, alleging unfair treatment; filed another EEOC Charge on or around November 28, 2016, alleging gender discrimination, retaliation, and equal pay; and filed another EEOC Charge on January 4, 2017, alleging retaliatory wrongful termination. *See* Rec. Doc. 1 at 4-8. She makes no mention of filing an EEOC charge alleging age discrimination. Instead, Plaintiff argues that she was over 40 years of age at the time she filed the November 2016 Charge. That conclusory statement fails to plausibly establish that Plaintiff properly exhausted her administrative remedies.

Her arguments do not establish that she filed an EEOC Charge asserting allegations of age discrimination. First, her argument that she "may not have been fully aware . . ." and "was unschooled and unsophisticated in the use of the EEOC forms" is unconvincing. Rec. Doc. 40, pg. 4. Plaintiff failed to check the "age" box on the form but checked several other boxes. *See* Rec. Doc. Nos. 15-

3, 15-4. Plaintiff even checked the "other" box to specify grounds of discrimination not on the form. *See id*. This Court is not holding that Plaintiff was required to check the "age" box but is using Plaintiff's checking of several other boxes to dismiss Plaintiff's "unschooled and unsophisticated" argument. If Plaintiff held enough schooling and sophistication to specify additional grounds of discrimination, she held the same to check boxes for grounds already on the form.

Next, Plaintiff's claim that she "identified her age on the [charges], but did not realize that she needed to include each and every detailed fact . . ." is unconvincing. Rec. Doc. 40, pg. 4. She merely inserted, at the top of the charge forms, the year she was born along with her name, phone number, and address. *See* Rec. Doc. Nos. 15-3, 15-4. Plaintiff failed to assert any allegations of age discrimination on any of the EEOC Charges provided to this Court[5]. An ADEA claim against Defendant Apache cannot reasonably be expected or presumed to arise from the foregoing. Therefore, Plaintiff's ADEA claims are dismissed as they are outside of the scope of her EEOC Charges and thereby outside of the scope of her Complaint. *See Pacheco*, 448 F.3d at 789 citing to *Young v. Houston*, 906 F.2d 177 (5th Cir. 1990) (holding that a sex discrimination

[5] The Court relied on unopposed copies of charge forms filed as attachments by Defendants because Plaintiff failed to attach any EEOC Charges to her Complaint.

claim had not been exhausted by the plaintiff's charge of race and age discrimination).

**C. LA. Civil Code Article 2315 and LA. R.S. 23:967 Claims**

Article 2315 is subject to the prescriptive period set out in Article 3492. *See* LA. CIV. CODE ANN. art. 3492. R.S. 23:967 is also subject to the prescriptive period set out in Article 3492. *See Lefort v. Lafourche Parish Fire Protection Dist. No. 3*, 39 F.Supp.3d 820 (E.D. La. 2014). Article 3492 lays out "a liberative prescription period of one year" and provides that the one-year prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV. CODE ANN. art. 3492. "Liberative prescriptive statutes, intended to protect defendants from prejudice. . . are to be strictly construed." *Edwards v. Sawyer Indus. Plastics, Inc.*, 738 So. 2d 1232, 1236 (La.App. 2 Cir. 08/18/99).

Here, Plaintiff's Article 2315 and R.S. 23:967 claims are prescribed. In fact, Plaintiff does not contend that the applicable prescription period is more than one year. *See* Rec. Doc. 40 at 5. Instead, Plaintiff contends that the one-year prescriptive period should be tolled because Defendant Apache had notice of her state law claims within the one-year prescriptive period. *See id.* Specifcally, Plaintiff mistakenly relies heavily on a Louisiana Supreme Court case, *Maquar v. Transit Mgmt. of Southeast La.*, Inc. 593 So. 2d 365 (La. 1992). In *Maquar*, the issue was whether, under Article 3492, the filing of the Plaintiff's worker compensation

claim with the Office of Worker's Compensation Administration ("OWCA") interrupted prescription on the delictual action for retaliatory discharge penalties. 593 So. 2d at 368. The court held, under narrow and particular facts, that the running of prescription against the retaliatory discharge claim was tolled and plaintiff's action was timely, *if the claim filed with OWCA included a claim for retaliatory discharge and the employer received notice of the retaliatory claim*. *See Edwards*, 738 So. 2d at 1236 (explaining *Maquar*) (emphasis added).

In this case, Plaintiff fails to allege sufficient facts to state that any of her Charges included an I.I.E.D./Article 2315 claim or a Whistleblower claim or that Defendant Apache was adequately given notice of either of the claims. Plaintiff also fails to offer any case law in support of her proposition that filing a charge with the EEOC tolls the prescription period of state law claims. Therefore, the prescription period for Plaintiff's Article 2315 claim and R.S. 23:967 claim will not be tolled "in accordance with the Louisiana Supreme Court *Maquar* case . . .." Rec. Doc. 40 at 7.

The prescriptive period began to run, at the latest, on October 27, 2016, allowing Plaintiff to bring her state law claims no later October 27, 2017. Plaintiff filed her Complaint on November 20, 2017, after the time required by statute. Both claims are prescribed and thereby are dismissed.

**D. 42 U.S.C. § 1981 Claims**

42 U.S.C. § 1981, in relevant part, states that "All persons within the jurisdiction of the United States shall have the same right(s) . . . as is enjoyed by white citizens . . . .." This statute was enacted with the Thirteenth Amendment and Fourteenth Amendment in mind. Specifcally, the statute's purpose is to protect classes of people who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. *See Rhyce v. Martin*, 173 F. Supp. 2d 521, 529 (E.D. La. 2001) citing to *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 6113 (1987).

To prove a *prima face* case of discrimination under 42 U.S.C. § 1981, a plaintiff must establish that (1) he or she is a member of a *racial* minority, (2) the defendant had an intent to discriminate *on the basis of race*, and (3) the discrimination concerned at least one of the rights enumerate in the statute. *See Dunaway v. Cowboys Nightlight, Inc.*, 436 Fed. Appx. 386, 390 (5th Cir. 2011) (emphasis added). As established by both the U.S. Supreme Court and the Fifth Circuit, a plaintiff need not establish a *prima facie* case of discrimination to survive a motion to dismiss. *See Johnson v. Mixon*, 2013 U.S. Dist. LEXIS 111317 *1, *8 (E.D. La. 2013). However, a plaintiff must allege sufficient facts to establish "an inference that [he or she] was discrimination against *[because of their] race*." *See id* at *9. (emphasis added). Courts have generally excluded gender and age discrimination

claims from within the scope of 42 U.S.C. § 1981. *See e.g.*, *Hawkins v. 1115 Legal Service Care*, 163 F.3d 684, 693 (2d Cir. 1998); *Jones v. Bechtel*, 788 F.2d 571, 574 (9th Cir. 1986); *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1982); *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 971 (10th Cir. 1979); *Bates v. Carborundum Co.*, 623 F. Supp. 613, 619-20 (N.D. Ind. 1985); *Boddorff v. Publicker Industries, Inc.*, 488 F. Supp. 1107, 1110 (E.D. Pa. 1980).

Plaintiff's Complaint seeks damages pursuant to 42 U.S.C. § 1981(a) but does not allege any facts showing that she was discriminated against because of her race. *See* Rec. Doc. 1. Plaintiff's Response avers that, within the context of her Complaint, "it is quite clear" that she "intended to reference 42 U.S.C. § 1981a" because she "references multiple times the Plaintiff's damages of emotional distress." *Id.* at 9. This argument is unconvincing. "42 U.S.C. § 1981(a)" is written throughout Plaintiff's Complaint approximately 8 times. *See id.* at 4-11. This Court reads Plaintiff's Complaint as it is written.[6]

Absent factual allegations in the complaint (or the EEOC Charges) that tend to show race-based discrimination against her, Plaintiff's 42 U.S.C. § 1981 claims are dismissed with prejudice. *See Johnson*, 2013 U.S. Dist. LEXIS 111317 at *9; compare also,

[6] Plaintiff may seek leave to amend her Complaint if she's able to demonstrate, in good faith, factual and legal support.

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 1250, 163 L. Ed. 2d 1069 (2006), *Foley v. Univ. of Houston Sys.,* 355 F.3d 333, 339 (5th Cir. 2003), and *Colesanti v. St. Patrick's Home,* No. 92 Civ. 0657, 1992 WL 167389 at *3 (S.D.N.Y.1992).

New Orleans, Louisiana, this 24th day of December, 2018.

_______________________________________________________________

SENIOR UNITED STATES DISTRICT JUDGE