**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GERALDINE DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12777** |
| **PHILLIPS 66 COMPANY** | **SECTION: "B"(2)** |

## ORDER AND REASONS

Before the Court are the following related matters: Defendant Phillips 66 Company's ("Defendant Phillips") Motion to Dismiss (Rec. Doc. 13), Plaintiff Geraldine Dunn's Response in Opposition (Rec. Doc. 41), and Defendant Phillips' Reply (Rec. Doc. 50). For the reasons discussed below,

**IT IS ORDERED** that Defendant Phillips' motion to dismiss is **GRANTED.**

## FACTS AND PROCEDURAL HISTORY

Plaintiff Geraldine Dunn is approximately 40-years old and a resident of the parish of East Baton Rouge, Louisiana. *See* Rec. Doc. 1 at 2. She was employed as a bus driver and painter for Defendant Apache Industrial Services ("Defendant Apache") in or around June 2016. *See id.* at 3. At the time of Plaintiff's employment, Defendant Apache was a subcontractor for Defendant Phillips. *See id.* Defendant Phillips is a foreign corporation with its principal place of business in Texas. *See id.* at 2. Plaintiff alleges that Defendant Phillips, along with Defendant Apache,

discriminated against her, retaliated against her, and wrongly terminated her. *See id*.

On or around August 8, 2016, Plaintiff began working a turnaround job for Defendant Apache. *See id*. at 3. Plaintiff, who claims approximately 15 years of experience, alleges that she was earning $19.00 per hour while her male counterparts at Apache were earning $23.00 per hour. *See id*. Plaintiff further alleges that she spoke with Apache management about raising her hourly pay to $23.00 on more than one occasion. *See id*. She was told that her hourly pay would be increased to $23.00 but she never received an increase. *See id*. She states that she was subsequently subjected to harassment and discrimination. *See id*. Specifically, she states that she was forced to performed additional duties that other male employees were not required to perform and yelled at in front of other male employees.[1] *See id*. at 4.

On or around October 13, 2016, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("October 2016 Charge") alleging unfair treatment. *See id*. On or around October 24, 2016, Plaintiff attended a meeting with safety management to discuss knee pain. *See id*. She was given two days off from work. *See id*. She returned to work on October

---

[1] Plaintiff alleges in her complaint that on or around September 28, 2016 her supervisor brought paint to the work area for other male employees only. Plaintiff was told to get her own paint and when she asked why, her supervisor began to yell at her. *See* Rec. Doc. 1 at 4.

27, 2016 and was terminated. *See id*. Plaintiff "believes that she was terminated in retaliation and as a result of her filing an EEOC Charge of [D]iscrimination.[2]" *See id*.

On November 28, 2016, Plaintiff filed another EEOC Charge of Discrimination ("November 2016 Charge") alleging gender discrimination, retaliation, and unequal pay. *See id*. at 5. Plaintiff explained the facts surrounding her allegations (being paid less than her male counterparts and yelled at by her male supervisor) and named Defendant Apache as the employer that discriminated against her. *See* Rec. Doc. 15-3 at 1.

On January 4, 2017, Plaintiff filed another EEOC Charge of Discrimination ("January 2017 Charge") alleging retaliatory wrongful termination. *See* Rec. Doc. 1 at 13-14. Plaintiff explained the facts surrounding her allegation (that she filed an EEOC Charge and subsequently was discharged) and named Defendant Apache as the employer that discriminated against her. *See* Rec. Doc. 15-3 at 1. Plaintiff also mentioned that she was told that she was being discharged because "[Defendant Phillips] did not want [her] on their property" and that she thought that she was being discharged

---

[2] There is ambiguity as to which charge Plaintiff is referencing. *See* FN 4 (explaining the ambiguity). Even though Plaintiff fails to fully mention October 2016 Charge, Plaintiff must be referring to that charge because it is hard to imagine that Plaintiff was terminated on October 27, 2016 for November 2016 Charge or January 2017 Charge as those two charges were filed after her termination occurred.

"in retaliation for filing [November 2016 Charge] . . .." Rec. Doc. 15-4 at 1.

On August 20, 2017, Plaintiff received a "Dismissal and Notice of Rights" for "both of her aforementioned Charges of Discrimination.[3]" Rec. Doc. 1 at 5. Exactly three months after receiving her "Notice of Right to Sue" letter from the EEOC, November 20, 2017, Plaintiff filed a complaint seeking relief on the basis of six claims.[4] On April 02, 2018, Defendant Phillips filed a motion to dismiss for failure to state a claim in lieu of an answer. *See* Rec. Doc. 13. On May 17, 2018, Plaintiff filed a response in opposition arguing amongst other things that since Apache's discriminatory conduct occurred on Phillips' property,

---

[3] There is ambiguity in the phrase "both of her aforementioned Charges of Discrimination." Specifically, it is unclear which two charges Plaintiff is referring to when she writes "both." Plaintiff uses the phrase for the first time at Rec. Doc. 1 at 5. At that point, she has only mentioned two charges, October 2016 Charge and November 2016 Charge. *See* Rec. Doc. 1 at 4-5. Plaintiff uses the phrase two more times at Rec. Doc. 1 at 7, 8. At those points, she has mentioned three charges. It seems that she is using "both" to refer November 2016 Charge and January 2017 Charge, not October 2016 Charge. Plaintiff refers to October 2016 Charge once and makes no mention of it being attached to her complaint as an exhibit. *See id.* at 4. Plaintiff refers to the other two charges, November 2016 Charge and the January 2017 Charge, throughout her complaint and states that true and accurate copies are attached. *See id.* at 5, 6, 8. However, there is still some ambiguity because there are no exhibits attached to her complaint and Plaintiff only mentions the October 2016 Charge and November 2016 Charge in her response. *See* Rec. Doc. 1; Rec. Doc. 41 at 2. Defendant Apache attached only November 2016 Charge (Rec. Doc. 15-3) and January 2017 Charge (Rec. Doc. 15-4) to its motion to dismiss. So, it may be that those two charges are the material charges in this case. The ambiguity surrounding this issue can be solved with a copy of the "Dismissal and Notice of Rights" letter, Plaintiff's suppose-to-be-attached Exhibit C.

[4] Plaintiff brings her claims under (1) Title VII of the Civil Rights Act of 1964; (2) the Equal Pay Act of 1963; (3) the Age Discrimination in Employment Act of 1967; (4) Louisiana Civil Code Art 2315; (5) the Louisiana Whistleblower Statute, LA Rev Stat § 23:967; (6) Equal Rights Under the Law, 42 U.S.C. § 1981(a); Retaliation, 29 U.S.C. § 215 (a)(3); and Reasonable Attorney Fees, 29 U.S.C. § 216 (b). *See* Rec. Doc. 1 at 4-10.

Phillips is vicariously liable for Apache's misconduct against her. *See* Rec. Doc. 41 at 5. On June 5, 2018, Defendant filed a reply. *See* Rec. Doc. 50.

**LAW AND ANALYSIS**

**A. Motion to Dismiss Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When deciding whether a plaintiff has met his or her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot

establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B. Title VII and ADEA Claims**

To bring a claim under Title VII or the ADEA, a plaintiff must first exhaust his or her administrative remedies. *See Patterson v. Houston Indep. Sch. Dist.*, 2012 U.S. Dist. LEXIS 192253 *1, *20 (S.D. Tex. 2012) citing to *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489-90 (5th Cir. 2010); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 (5th Cir. 2002). To properly exhaust their administrative remedies, an employee must file a charge with the EEOC. *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). The primary purpose of this exhaustion requirement is to trigger both the investigatory and conciliatory procedures of the EEOC, in attempt to reach a non-judicial resolution of the alleged discrimination. *See id.* at 789.

Plaintiff's complaint does not contain sufficient facts to state that Plaintiff first filed an EEOC Charge as to Defendant Phillips. Specifically, in her complaint, Plaintiff alleges that she filed an EEOC Charge on or around October 13, 2016, alleging unfair treatment; filed another EEOC Charge on or around November 28, 2016, alleging gender discrimination, retaliation, and equal

pay; and filed another EEOC Charge on January 4, 2017, alleging retaliatory wrongful termination. *See* Rec. Doc. 1 at 4-8. However, Plaintiff makes no mention of who the EEOC Charges were filed against and provides no documentation of the EEOC Charges that were filed. Plaintiff merely states that she has "satisfied all statutory prerequisites for filing [her] action." That conclusory statement fails to plausibly establish that she filed an EEOC Charge as to Defendant Phillips. *Id.* at 8.

Furthermore, the arguments offered in Plaintiff's response do not warrant preclusion of dismissal as none of her arguments establish that she filed an EEOC Charge as to Defendant Phillips. Moreover, the record does not show basis to allow an exception for either identity-of-interest or actual notice. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 483-4 (5th Cir. 2014). Specifically, Plaintiff's argument that she "was unschooled and unsophisticated in the use of the EEOC forms" is unconvincing. Rec. Doc. 41 at 6. While the Fifth Circuit does not require a plaintiff to check a certain box, recite specific language, or allege a [*prima face*] case before the EEOC, it does expect that after a "somewhat [broad]" reading of the charge, it can reasonably identify claims expected to grow from the charge. *See Pacheco*, 448 F.3d at 792. In this case and liberally reviewing the claims against Defendant Phillips, the claims could not reasonably be expected to grow from the charges filed by Plaintiff. On all charges provided to this

Court[5], Plaintiff only named Defendant Apache as an employer that she believed discriminated against her. There is a second "employer name section" directly below the section that Plaintiff filled out, naming Defendant Apache. Plaintiff failed to list Defendant Phillips in that second section. If Plaintiff held enough schooling and sophistication to insert all of Defendant Apache's information into the correct section of the form, she held the same for Defendant Phillips' information. Plaintiff's brief reference to Defendant Phillips in the explanation section of one charge is insufficient for this Court to expect a claim against Defendant Phillips to grow. *See Simbaki,* 767 F.3d at 481 (declining to establish that the named-party requirement was met when a company's name was informally referred to in the body of the charge and was not indicated anywhere else in the charge); *Pacheco*, 448 F.3d at 792. Therefore, Plaintiff's Title VII claims and ADEA claim should be dismissed. *See Simbaki,* 767 F.3d at 481 (recognizing that a party not named in an EEOC charge may not be sued); *Ahumada v. Belcher Mgmt.*, LLC, 2014 U.S. Dist. LEXIS 84955 *1, *22 (M.D. La. 2014)(dismissing plaintiff's claims as to two of three entities because plaintiff only identified one of the three entities in her EEOC Charge).

---

[5] The Court relied on EEOC Charge copies filed as attachments by Defendants because Plaintiff failed to attach any EEOC Charges to her complaint. The latter document has not been disputed and has been considered for dismal purposes. It would also be admissible for summary judgment consideration as showing undisputed material facts.

**C. EPA Claims**

To establish an EPA claim, a plaintiff must show a *prima facie* case of wage discrimination. *See Espinoza v. San Benito Consol. Indep. Sch. Dist.,* 2018 U.S. App. LEXIS 29204 *1, *6 (5th Cir. 2018). To prove a *prima facie* case of wage discrimination, a plaintiff must prove, *inter alia*, that the defendant is an employer that is subject to the EPA. *See Hester v. Bd. Of Supervisors of La. State Univ.*, 72 F. Supp. 3d 627, 640 (M.D. La. 2014) citing to *Chance v. Rice University*, 984 F.2d 151, 153 (5th Cir. 1993). "Employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2010) citing to 29 U.S.C. § 203(d). Several considerations are relevant in determining whether a defendant is an employer for the purposes of the EPA. *See Hester*, 72 F. Supp. 3d at 640 citing *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247, 251 (5th Cir. 2012).

The Fifth Circuit uses the Supreme Court's economic reality test to evaluate whether a defendant is an employer, or, in other words, whether an employment relationship exists. *See Gray*, 673 F.3d at 355; *see also Goldberg v. Whitaker House Coop.*, 366 U.S. 28 (1961). The "economic reality test" considers whether the alleged employer

> (1) possessed the power to hire and fire the employees,
> (2) supervised and controlled employee work schedules or
> conditions of employment, (3) determined the rate and
> method of payment, and (4) maintained employment
> records. *Gray*, 673 F.3d at 355.

In some cases, a plaintiff may prove that an entity is an employer by offering a "joint employer theory." *Id*. However, it is important to note that the existence of a general contractor/subcontractor relationship does not establish joint employment. *See Mendoza v. Essential Quality Constr., Inc.*, 691 F. Supp. 2d 680, 685 (E.D. La. 2010). It also does not preclude the possibility that an employee of the subcontractor was also the employee of the general contractor. *See id.*

Plaintiff's complaint does not contain sufficient facts to establish an employment relationship between herself and Defendant Phillips. Plaintiff first asserts, in her complaint, that she was employed by and working for Defendant Apache, a subcontract of Defendant Phillips. *See* Rec. Doc. 1 at 3. That assertion is insufficient to establish an employment relationship. *See Gray*, 673 F.3d at 355 ("While the joint employer theory is a viable option in some cases, the Fifth Circuit has noted that [mere] conclusory allegations and inferences are not sufficient to prove the required linkage.").

Plaintiff does asserts specific facts regarding her wage discrimination claim, including her pay, the pay of similarly situated employees, and her discussions with management. *See* Rec.

Doc. 1 at 3. However, Plaintiff fails to assert any specific facts as to whether her specific rate of pay was set by Defendant Phillips or whether the supervisors were employed by Defendant Phillips. It seems clear that both were set by Defendant Apache, who employed Plaintiff.

Plaintiff, in her response, attempts to address the factors of the economic reality test given to the Court by *Gray*. Plaintiff, again, misses the mark. It is not "difficult to determine the economics component without engaging in discovery." Rec. Doc. 41 at 7; s*ee Mendoza*, 691 F. Supp. 2d at 685(analyzing the economic reality test at the motion to dismiss stage). As to the first factor of possessing the power to hire and fire employees, Plaintiff's attempt to fulfill this factor does not reach above the speculative level. *See* Rec. Doc. 41 at 7 (stating "If merely based on [Defendant Phillips'] sole desire, [Plaintiff was discharged], this factor is fulfilled."). Specifically, Plaintiff's assertion that she was required to leave Defendant Phillips' premises is insufficient. *See Mendoza*, 691 F. Supp. 2d at 685 (showing that this factor may be satisfied by allegations of general contractors and subcontractors jointly hiring employees and monitoring daily work). While Plaintiff may have had to remain off Defendant Phillips' premises, it is likely that she was able to continue to work for Defendant Apache on other work subcontracted to them and on other premises. Defendant Phillips'

request that Plaintiff stay off its premises is not tantamount to Defendant Phillips firing Plaintiff from her employment with Defendant Apache.

Furthermore, in her response, Plaintiff completely fails to address the second factor of the economic reality test and states that the third and fourth factors are difficult to determine without engaging in discovery.

Therefore, Plaintiff's EPA claims should be dismissed because Plaintiff's complaint does not contain sufficient facts to establish that an employment relationship may have existed between herself and Defendant Phillips. *Contra id.* at 686 (finding that an employment relationship may have existed).

### D. La. Code Article 2315 and La. R.S. 23:967 Claims

Article 2315 is subject to the prescriptive period set out in Article 3492. *See* LA. CIV. CODE ANN. art. 3492. R.S. 23:967 is also subject to the prescriptive period set out in Article 3492. *See Lefort v. Lafourche Parish Fire Protection Dist. No. 3*, 39 F.Supp.3d 820 (E.D. La. 2014). Article 3492 lays out "a liberative prescription period of one year" and provides that the one-year prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV. CODE ANN. art. 3492.

Plaintiff's Article 2315 claim and R.S. 23:967 claim are prescribed. In fact, Plaintiff does not contend that the applicable prescription period is more than one year. *See* Rec. Doc. 41 at 9.

Instead, Plaintiff contends that the one-year prescriptive period should be tolled because Defendant Phillips had notice of her claim within the one-year prescriptive period. *See id*.

Specifcally, Plaintiff mistakenly relies heavily on a Louisiana Supreme Court case, *Maquar v. Transit Mgmt. of Southeast La.*, Inc. 593 So. 2d 365 (La. 1992). In *Maquar*, the issue was whether, under Article 3492, the filing of the Plaintiff's worker compensation claim with the Office of Worker's Compensation Administration ("OWCA") interrupted prescription on the delictual action for retaliatory discharge penalties. 593 So. 2d at 368. The court held that the running of prescription against the retaliatory discharge claim was tolled and the action was timely, if the claim filed with OWCA <u>adequately gave notice of a factual basis for a claim arising out of the employer's discharge of plaintiff from employment.</u> *Id.* (emphasis added). In this case, Plaintiff fails to allege sufficient facts that Defendant Phillips was her employer or was adequately given notice of the claims she filed with the EEOC. Therefore, the prescription period for Plaintiff's Article 2315 claim and R.S. 23:967 claim should not be tolled "in accordance with the Louisiana Supreme Court *Maquar* case . . .". Rec. Doc. 41 at 11.

The prescriptive period began to run, at the latest, on October 27, 2016, allowing Plaintiff to bring her claims no later October 27, 2017. Plaintiff filed her complaint on November 20,

2017, after the time required by law. Therefore, both claims are prescribed and thereby should be dismissed.

New Orleans, Louisiana, this 13th day of February, 2019.


SENIOR UNITED STATES DISTRICT JUDGE