UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALDINE DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12777** |
| **APACHE INDUSTRIAL SERVICES, INC.** | **SECTION: "B"(2)** |

<u>**ORDER AND REASONS**</u>

Before the Court are plaintiff Geraldine Dunn's motion for relief and/or reconsideration (Rec. Doc. 64), defendant Apache Industrial Services, Inc.'s ("Apache") response (Rec. Doc. 66), and plaintiff's reply (Rec. Doc. 70). For the reasons set forth below,

**IT IS ORDERED** that plaintiff's motion for relief and/or reconsideration is **GRANTED**;

**IT IS FURTHER ORDERED** that the previously issued dismissal order at record document 63 is **VACATED**;

**IT IS FURTHER ORDERED that a <u>telephone scheduling conference</u> be held on <u>Thursday, August 8, 2019, at 9:30 a.m. before the Case Manager, Kimberly County. Parties shall CALL IN using the phone number (888) 557-8511 and access code 5654551</u>; and**

**IT IS FURTHER ORDERED** that for her acknowledged non-compliance with court orders, plaintiff's counsel shall be sanctioned $200.00, payable to the Clerk of Court, and due **no later than August 16, 2019**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was employed as a bus driver and painter for Apache. *See* Rec. Doc. 1 at 2. She filed a complaint alleging Apache had

1

discriminated against her, retaliated against her, and wrongfully terminated her, in violation of federal law.[1]

On February 26, 2019, the Court ordered that a telephone scheduling conference be held for March 8, 2019, at 9:00 a.m. *See* Rec. Doc. 59. On March 8, 2019, counsel for plaintiff failed to call in to the conference and could not be reached by the Court at the telephone number on record. *See* Rec. Doc. 62. The Court issued an order resetting the scheduling conference for March 22, 2019, at 9:15 a.m., and further ordered counsel for plaintiff to contact the undersigned's case manager to provide a telephone number where she could be reached. *See id.* The Court warned that failure to comply with this order could result in sanctions, including dismissal. *See id.* Counsel for plaintiff did not contact the case manager to provide a telephone number. *See* Rec. Doc. 63. On March 22, 2019, counsel for plaintiff again failed to call in to the conference and could not be reached by the Court at the telephone number on record. *See id.* Accordingly, the Court dismissed plaintiff's case without prejudice. *See id.*

On April 4, 2019, counsel for plaintiff filed a motion for relief and/or reconsideration of the Court's dismissal. *See* Rec.

---

[1] Specifically, plaintiff asserted these claims under: (1) Title VII of the Civil Rights Act of 1964; (2) the Equal Pay Act of 1963 ("EPA"); (3) the Age Discrimination in Employment Act of 1967 ("ADEA"); (4) Louisiana Civil Code Article 2315; and (5) La. R.S. 23:967 ("the Louisiana Whistleblower Statute"). *See* Rec. Doc. 1 at 4-10. Plaintiff further sought damages under 42 U.S.C. § 1981; 29 USC § 215(a)(3); and 29 USC § 216(b). *See id.* at 10-11. The Court dismissed several of plaintiff's claims, so that only claims falling under Title VII and the EPA remain. *See* Rec. Doc. 54 at 6-13.

Doc. 64. On April 15, 2019, defendant filed a response in opposition. *See* Rec. Doc. 66. On April 26, 2019, counsel for plaintiff filed a reply. *See* Rec. Doc. 70.

**LAW AND FINDINGS**

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for, amongst other things, mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. *See* FED. R. CIV. P. 60(b)(1),(6). The issue here is whether the present circumstances warrant relief from an order dismissing plaintiff's case without prejudice due to her counsel's failure to comply with court ordered scheduling conferences on two occasions.

Defendant argues that the Court should deny plaintiff's motion for relief because she is bound by the actions of her counsel, that included a pattern of delay and contumacious conduct. Furthermore, defendant argues that lesser sanctions would be futile; therefore, dismissal is warranted. *See* Rec. Doc. 66 at 5-6.

Plaintiff argues that the Court should issue an order reinstating this case because her counsel's conduct does not rises to a level warranting the severe sanction of dismissal without prejudice, particularly in light of likely time limitation issues. Counsel for plaintiff acknowledges her actions were not in compliance with noted scheduling orders. She contends her

phone number on record was correct, but there was an issue with her virtual phone number. She states that issue has been since resolved. *See* Rec. Doc. 64-1 at 5-6; *see also* Rec Doc. 70 at 3-4.

Dismissing a case without prejudice where applicable statute of limitations are likely to bar future litigation is the same as dismissing the case with prejudice. *See Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981). Dismissal with prejudice is warranted as an extreme sanction where there is a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions would not better serve the interests of justice. *See id.; see, e.g.*, *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513 (5th Cir. 1985)(affirming dismissal because plaintiff's counsel caused delay at every stage of the proceedings); *Wilson v. James Indus. Contrs.*, 2016 U.S. Dist. LEXIS 181663, at *8 (E.D. La. 2016)(holding that dismissal was appropriate because plaintiff failed to participate in his own case and offered no reason for failing to do so). The Fifth Circuit tends to affirm dismissals with prejudice after finding evidence of at least one of the following three aggravating factors: (1) delay caused by plaintiff, rather than her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *See Teveras v. Clark*, 2018 U.S. Dist. LEXIS 117890, at *4 (E.D. La. 2018).

Although counsel for plaintiff was neglectful, at least twice, in not responding to scheduling orders and efforts by Court staff to call her, counsel's asserted explanation concerning her virtual phone number issue is not attributable to the plaintiff, but only to counsel. It would not justify denying relief to an innocent plaintiff. However, counsel's repeated errors here are not totally excusable. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)(stating that excusable neglect is an equitable determination, taking account of all relevant circumstances surrounding the failure). Counsel for plaintiff states she contacted the third-party company managing her virtual phone number and now assures the Court that this issue will not occur in the future. *See* Rec. Doc. 64-1 at 2. In line with Circuit precedent, we are not inclined to punishing the plaintiff for her counsel's errors in this instance. *See Callip*, 757 F.2d at 1522 ("We of course have been reluctant to affirm dismissals based on conduct attributable to counsel, rather than the plaintiff."). However, if counsel's misconduct is repeated and if knowledge or acquiescence in same is imputable to plaintiff, plaintiff may not be as fortunate to escape dismissal sanctions again. There is no clear record of delay by the plaintiff herself; lesser sanctions should spur timely compliance with orders by counsel; and finding no aggravating factors, e.g. prejudice, plaintiff's motion for relief and/or reconsideration is granted. See *Teveras*, 2018 U.S.

Dist. LEXIS 117890, at *4; see also *Bethel v. Woods Haven Senior Citizen Home Inc.*, 2000 U.S. App. LEXIS 39783, at *4 (5th Cir. 2000).

Parties shall participate in a telephone scheduling conference with the undersigned's case manager as set out above.

New Orleans, Louisiana this 30th day of July, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE