```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

**GERALDINE DUNN**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 17-12777**

**APACHE INDUSTRIAL SERVICES, INC.**                    **SECTION: "B"(1)**

### ORDER AND REASONS

Despite record warnings of severe consequences for noncompliance with court orders, plaintiff's counsel repeatedly failed on at least five occasions to comply with orders and/or rules designed to facilitate progression of this 2017 filed action. A summary of counsel's failures to comply by date and record document follows:

> **March 8, 2019** - Failed to attend scheduling conference, Rec. Doc. 62;
> **March 22, 2019** - Failed to provide Case Manager with phone number and resulting failure to attend scheduling conference, Rec. Doc. 63;
> **March 11, 2020** - Failed to timely serve discovery requests, Rec. Doc. 94;
> **September 16, 2021** - Failed to attend scheduling conference, Rec. Doc. 131;
> **September 30, 2021** - Failed to attend scheduling conference, Rec. Docs. 134, 137-138.

For failing to attend ordered scheduling conferences on March 8 and 22, 2019 and failing to provide a telephone number for purposes of the latter scheduling conference, plaintiff's

counsel's repetitive misconduct caused a dismissal without prejudice of this action on March 22, 2019. *See* Rec. Docs. 62-63.

After correcting a deficient motion for relief and/or reconsideration of the dismissal order, plaintiff's counsel acknowledged in a memorandum in support of that motion dated April 4, 2019, that her "actions in not contacting the Court [R. Doc. 62] to provide her contact number . . . [in] not seeing [the latter] order until after the date of the Scheduling Conference when she discovered that Plaintiff's case had been dismissed . . . inadvertently [caused her to] overlook the email notification sent by the Court[.]". Rec. Doc. 64-1 at 2. Counsel further stated, "that this issue has been resolved and should not happen again." *Id.* at 3.

In vacating the dismissal order based on counsel's misconduct, this Court found:

> Although counsel for plaintiff was neglectful in not responding to scheduling orders and efforts by Court staff to call her, counsel's asserted explanation concerning her virtual phone number issue is not attributable to the plaintiff, but only to counsel. It would not justify denying relief to an innocent plaintiff. However, counsel's repeated errors here are not totally excusable. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (stating that excusable neglect is an equitable determination, taking account of all relevant circumstances surrounding the failure).

2

Rec. Doc. 71 at 5. Accordingly, on July 30, 2021, this Court ordered the case reinstated, and assessed a $200.00 financial sanction against plaintiff's counsel. *Id.* at 1.

Thereafter, in March 2020, the Magistrate Judge denied plaintiff's motion to compel responses to plaintiff's untimely served discovery requests and reasoned that:

> Plaintiff has failed to show good cause. No persuasive explanation for the delay in seeking this discovery has been offered. Plaintiff has not been diligent in pursuing this discovery. This case has been pending for 18 months. The discovery requests seek basic information. I can conceive of no good reason why plaintiff delayed until the last minute to serve these discovery requests. While the information may have some importance, that is more reason why it should have been sought much earlier in this case. The trial is set to commence in about five weeks on April 20, 2020. Record Doc. No. 73. The prejudice in permitting this late discovery when trial preparation should be ongoing is patent.

Rec. Doc. 94.

Despite the prior assurance against missing further court ordered scheduling conferences, the prior imposition of financial sanctions, and repeated warnings of dismissal for further violations, plaintiff's counsel did not call into the September 16, 2021 conference as ordered. *See* Rec. Docs. 125, 131. While defense counsel reportedly made an untimely attempt to join the September 16th conference, the absence of both parties required a rescheduling of the conference to September 23, 2021. Rec. Doc. 131. On September 20, 2021, notice was sent to parties rescheduling

3

that conference to occur on September 30, 2021. Rec. Doc. 134. Defense counsel complied with the latter order, but again plaintiff's counsel failed to comply.

Unsurprisingly on September 30, 2021, defendant filed a motion to dismiss for lack of prosecution citing as cause plaintiff's "failure to prosecute her case in accordance with this Court's prior Order (*see* Dkt. 131)." Rec. Doc. 137. It also references as cause the history of noncompliance with Court orders to show a "clear record of delay or contumacious conduct" by plaintiff and that "lesser sanctions would not serve the interests of justice." *Farmer v. La. Elec. & Fin. Crimes Task Force*, No. 10-2971, 2012 U.S. Dist. LEXIS 112511, at *1-2 (E.D. La. Aug. 10, 2012) (citing *Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir. 1985)). Plaintiff opposes the motion citing her counsel's inadvertent failure this time was due to "an unexpected emergency . . . with her family home" due to Hurricane Ida on the morning of the September 30, 2021 conference and "news that her aunt died." Rec. Doc. 138 at 2. The emergency situation is presumably plaintiff's counsel's assertion that her "cellular phone and internet service[s]" were "down" on September 30, 2021. *Id.* at 1. Despite the latter assertion, plaintiff states she was able to communicate with opposing counsel in order "to complete a settlement conference later in the afternoon of September 30, 2021." *Id.* at 2.

4

According to AP News reporters Kevin McGill's and Melinda Deslatte's September 7, 2021 account of Hurricane Ida's impact upon Baton Rouge, Louisiana, plaintiff's official place of business, "nearly all power has been restored in the capital of Baton Rouge." *See Hurricane Ida Power Outages, Misery Persist Nine Days Later*, AP News (Sept. 7, 2021), https://apnews.com/article/hurricane-ida-environment-and-nature-louisiana-business-storms-e85a71b868ecb2bad31e6d32ee478315. The latter account is not conclusive of pending issues. This Court may consider the latter report and other evidence that parties might offer in support of respective contentions.

Plaintiff and her counsel have been forewarned of the consequences for repeated failures to comply with court orders and rules. This Court expressly warned:

> However, if counsel's misconduct is repeated and if knowledge or acquiescence in same is imputable to plaintiff, plaintiff may not be as fortunate to escape dismissal sanctions again. There is no clear record of delay by the plaintiff herself; lesser sanctions should spur timely compliance with orders by counsel; and finding no aggravating factors, e.g. prejudice, plaintiff's motion for relief and/or reconsideration is granted. See *Teveras,* 2018 U.S. Dist. LEXIS 117890, at *4; see also *Bethel v. Woods Haven Senior Citizen Home Inc.*, 2000 U.S. App. LEXIS 39783, at *4 (5th Cir. 2000).

Rec. Doc. 71 at 5-6.

Because of the foregoing series of events and to promote the orderly administration of justice, the following is hereby ordered:

1. An evidentiary hearing on the pending opposed motion to dismiss and all issues arising from repeated noncompliance with court orders/rules will be held in open court on **Wednesday, October 27, 2021 at 9:00 a.m.** before the undersigned;

2. The following persons shall attend that hearing and be prepared to answer questions put to them by the court and parties' counsel: Plaintiff Geraldine Dunn, a corporate representative of Defendant Apache Industrial Services, Inc., all counsel of record, and witnesses subpoenaed by parties with relevant information in support of and/or opposition to the issues raised in connection with the subject motion and opposition in response to same. **No later than October 18, 2021,** parties' counsel shall exchange lists of witnesses and exhibits expected to be offered at the evidentiary hearing along with a detailed summary about each witness's anticipated testimony and each exhibit's anticipated purposes.

3. **No later than October 15, 2021,** defendant shall file supportive documentation of its fees and costs associated with the motion to dismiss and the missed conference on September 30, 2021; **No later than seven calendar days after the filing of the latter documentation,** plaintiff shall file her response to same;

4. Except for provable emergencies, **effective today**, all communications to court staff in this action shall be in writing.

**FAILURE TO COMPLY WITH ANY OF THE FOREGOING DIRECTIVES MAY LEAD TO THE IMPOSITION OF EXTREME AND/OR LESSER SANCTIONS.**

New Orleans, Louisiana this 6th day of October, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE