**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GERALDINE DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-12777** |
| **APACHE INDUSTRIAL SERVICES, INC.** | **SECTION "B"(1)** |

**ORDER AND REASONS**

For the reasons discussed below,

**IT IS ORDERED** that plaintiff's opposed motion for reconsideration (Rec. Doc. 166) is **DISMISSED**. *See also* Rec. Docs. 104, 167, 170.

**I.  FACTS AND PROCEDURAL HISTORY**

This case arises from plaintiff Geraldine Dunn's allegations that defendant Apache Industrial Services, Inc. ("Apache")[1] discriminated against, retaliated against, and wrongfully terminated plaintiff. Rec. Doc. 1 at 2. Plaintiff is a resident of the East Baton Rouge parish in Louisiana. *Id.* In June 2016, Apache, a foreign corporation with its principal place of business in Texas, employed plaintiff as a bus driver, flagger, and painter. *Id.* at 3. At the time of plaintiff's employment, Apache worked as a subcontractor for Phillips 66 Company ("Phillips"), a general contractor. *Id.*

---

[1] Originally, plaintiff also sued Team Industrial Services, Inc. and Phillips 66 Company, but those defendants were dismissed on May 29, 2018 and February 13, 2019, respectively. *See* Rec. Docs. 45, 56.

1

In August 2016, plaintiff learned that while she only earned $19.00 per hour, with approximately fifteen years of work experience, her male counterparts were earning $23.00 per hour. *Id.* That month, plaintiff spoke with Apache's project manager, Tim Robichaux, on two occasions about this wage discrepancy. *Id.* Plaintiff claims Apache agreed to raise her hourly pay to $23.00 per hour, but never did. *Id.* After complaining about unequal pay rates, plaintiff was allegedly subjected to harassment and discrimination, including being forced to perform duties that male employees were exempted from and being yelled at by her supervisor, Marlow Williams.[2] *Id*. at 3-4.

On October 13, 2016, plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against Apache for violating the Equal Pay Act and Title VII of the Civil Rights Act. *Id.* at 4; *see also* Rec. Doc. 170-10 at 1; Rec. Doc. 78-2 at 2 n.1. "The EEOC sent out [this] Notice of Charge of Discrimination to Apache on or about October 21, 2016." Rec. Doc. 78-2 at 2.[3] Later that month on October 24, 2016, plaintiff attended a meeting with safety management to discuss knee pain. *Id.* at 4. Safety manager, Angel A. Julio, brought plaintiff to the clinic

---

[2] In her complaint, plaintiff states that on or around September 28, 2016, William brought paint to the work area for male employees only. Rec. Doc. 1 at 4. When Williams told plaintiff to get her own paint, and plaintiff asked why, Williams began to yell at her. *Id.*
[3] Defendants claim they received notice of plaintiff's first charge of discrimination on December 6, 2016. Rec. Doc. 170-6.

where she "stated to Phillip 66 employees in the clinic that [Apache] under pay[s] her because she is a female and she was placed as a flagger because she was a female." Rec. Doc. 166-14 at 1; *see also* Rec. Doc. 166-1 at 9. "At the time she was complaining, Nelson, the Head of Safety and Security, walked in and told her this was not the place for all that and she needed to take it to the company office." Rec. Doc. 166-14 at 2; *see also* Rec. Doc. 166-1 at 9. After this incident, the safety team "decided to cut her badge off." Rec. Doc. 166-14 at 1; *see also* Rec. Doc. 166-1 at 9.

On this same day, Apache allowed plaintiff to take two days off from work. Rec. Doc. 1 at 4. On October 27, 2016, plaintiff claims she returned to work and Apache terminated her. *Id.* Plaintiff testified that Apache told her she was fired because Phillips 66 did not want plaintiff on the property. Rec. Doc. 78-6 at 12. Apache claims that in October 2016, "Phillips 66 informed Apache that it was exercising its right under the contract between Phillips 66 and Apache that it no longer wanted plaintiff assigned to its project and did not want her back on Phillips 66 property." Rec. Doc. 78-1 at 2. Consequently, defendant states "it was not Apache that ended Plaintiff's assignment at Phillips 66 property." *Id.* Apache was allegedly "willing to place plaintiff on another assignment, when available; however, plaintiff took no steps to follow up with Apache." Rec. Doc. 78-2 at 9. Nevertheless, Apache's

3

Louisiana Workforce Commission Separation Notice states that plaintiff's "Employee Date of Separation" was October 23, 2016, and that Apache "terminated/fired" plaintiff for "failure to perform duties, failure to report, violat[ion] [of] company policies," and being a "disgruntled employee about her work task." Rec. Doc. 170-2 at 4.

In November 2016, plaintiff filed another EEOC Charge against Apache for violating Title VII of the Civil Rights Act. Rec. Doc. 170-10 at 5; *see also* Rec. Doc. 1 at 5. Defendant received this Charge on January 12, 2017. Rec. Doc. 170-10. On August 20, 2017, Plaintiff received a "Dismissal and Notice of Rights" letter from the EEOC for "both of her Charges of Discrimination." Rec. Doc. 1 at 5. Exactly three months later, plaintiff filed a complaint in federal court alleging Apache violated Title VII of the Civil Rights Act of 1964, The Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967, Louisiana Civil Code Article 2315, the Louisiana Whistleblower Statute, and Louisiana Revised Statute § 23:967. *See generally* Rec. Doc. 1. Plaintiff seeks damages under 42 U.S.C. § 1981(a) and 29 U.S.C. § 215 (a)(3), as well as reasonable attorney fees under 29 U.S.C. § 216 (b). *See* Rec. Doc. 1 at 4-10.

On April 3, 2018, defendant Apache filed a motion to dismiss for failure to state a claim. Rec. Doc. 15. The Court then dismissed plaintiff's ADEA, § 1981, and state law claims, but

4

preserved her gender discrimination and retaliation claims under Title VII and the Equal Pay Act. Rec. Doc. 54. On February 18, 2020, Apache filed a motion for summary judgment. Rec. Doc. 78. Six months later, the Court granted Apache's motion on plaintiff's hostile work environment and retaliation claims, but denied it as to plaintiff's other remaining claims. Rec. Doc. 104. About a year and a half after the Court's ruling, plaintiff now asks the Court to reconsider its decision to grant defendant summary judgment on plaintiff's retaliation claim. Rec. Doc. 166.

## II. LAW AND ANALYSIS

### A. Motion for Reconsideration Standard

Federal Rule of Civil Procedure 54(b) provides the district court with "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). The district court's discretion is broad when determining whether a motion for reconsideration has merit; however, "it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Id.* (citing 18b Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 4478.1 (2d ed. 2002)). "The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b)

5

motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Hoffman v. Bailey*, No. 13-5153, 2015 WL 9315785, at *7 (E.D. La. Dec. 23, 2015).

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Atchafalaya Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has observed that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Thus, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. "When there exists no

6

independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Ferraro v. Liberty Mut. Ins. Co.*, No. 13-4992, 2014 WL 5324987, at *1 (E.D. La. Oct. 17, 2014).

### B. Timeliness

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Put simply, "Rule 54(b) does not contain any kind of time limit." *Zamanian v. Jefferson Par. Hosp. Serv. Dist. No. 2*, No. 17-1087, 2017 WL 6325817, at *2 (E.D. La. Dec. 11, 2017) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

Defendant argues that plaintiff's motion is untimely because Federal Rule of Civil Procedure 1 dictates that the federal rules of civil procedure "should be employed to secure the just, speedy, and inexpensive determination of every action and proceeding." Rec. Doc. 167 at 3 (quoting Fed. R. Civ. P. 1) (internal quotation marks omitted). Plaintiff retorts that filing a motion for reconsideration eighteen months after the original ruling was necessary because discovery was ongoing. *See* Rec. Doc. 170 at 2.

7

For reasons that defendant alludes to, there is disfavor for the filing of dispositive motions for reconsideration on the eve of trial. However, that does not render the motion untimely. While questioning plaintiff's reason for seeking relief over a year and a half later, plaintiff filed the motion for reconsideration before the deadline for submitting dispositive motions, and as stated above, motions under Federal Rule of Civil Procedure 54(b) may be filed at any time before final judgment. *See* Rec. Doc. 162 at 1; *Austin*, 864 F.3d at 336. Accordingly, plaintiff's motion was timely.

### C. The Court's Ruling on Plaintiff's Retaliation Claim

Plaintiff argues that reconsideration of this Court's ruling on defendant's motion for summary judgment (Rec. Doc. 104) is warranted "[i]n light of new evidence." Rec. Doc. 166-1 at 5.[4] A motion to reconsider should not be granted on the basis of newly discovered evidence unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been

---

[4] Additionally, plaintiff seems to suggest that her retaliation claim never should have been decided on summary judgment because the claim requires "judicial determination of subjective facts, such as Apache's motive, intent, good faith or knowledge, that call for credibility evaluations and the weighing of testimony." Rec. Doc. 166-1 at 7. However, there was no manifest error in dismissing plaintiff's retaliation claim on summary judgment. *See, e.g.*, *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 574 (5th Cir. 2020) (affirming dismissal of a Title VII retaliation claim on summary judgment); *Feist v. La., Dept. of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454-55 (5th Cir. 2013) (same); *Ladner v. Walmart, Inc.*, 834 F. App'x 893, 897 (5th Cir. 2020) (same).

8

discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (citing *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954)). Plaintiff has the burden of proving that consideration of any new facts "would probably change the outcome" of the suit and that the facts are "the type of 'new evidence' that a truly diligent litigant would be powerless to unearth" prior to the original motion. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015) (first citing *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995); and then citing *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)).

"To state a claim for retaliation under Title VII, a plaintiff must show that "(1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action." *Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017); *see also Thibodeaux-Woody v. Houston Cmty. Coll.*, 593 F. App'x 280, 285 (5th Cir. 2014) (stating the same standard for retaliation claims pursuant to the Equal Pay Act). With defendant's motion for summary judgment, the parties agreed that the protected activity at issue was plaintiff's complaints and charges that Apache discriminated against her. *See* Rec. Doc. 104 at 17-18. However, defendant argued that "Apache played no part in the decision to

remove plaintiff from the Phillips 66 worksite," that Apache was "willing to place plaintiff on another assignment," and that plaintiff was terminated because she "took no steps to follow up with Apache." *Id.* at 17. Consequently, Apache was not the cause of plaintiff's alleged "materially adverse action." *See id.* The Court found that in her opposition memorandum, plaintiff did not provide evidence that Apache, rather than Phillips 66, was responsible for any materially adverse action. *Id.* at 18. Accordingly, in its Order and Reasons at Record Document 104, this Court states that plaintiff fails to make a prima facie showing for her retaliation claim because, in part, "there is no countervailing evidence that plaintiff's removal from her last assignment was precipitated by Phillips 66, not Apache." Rec. Doc. 104 at 17-18.

Plaintiff contends that since August 12, 2020, when the Court ruled on defendant's motion for summary judgment, three items have been "newly discovered" that support plaintiff's claim for retaliation: (1) Apache's corporate deposition, (2) defendant's November 29, 2021 written responses, and (3) defendant's February 15, 2022 production. *See* Rec. Doc. 166-1 at 9; Rec. Doc. 170 at 3-7.[5] Part of this newly produced discovery included a separation

---

[5] In plaintiff's motion for reconsideration, she also references two 2016 documents that she alleges support her retaliation claim. Rec. Doc. 166-1 at 9. This evidence is not new—it was produced in 2019, four months before plaintiff filed her opposition to defendant's motion for summary judgment. Rec. Doc. 167 at 4. As these documents are not newly discovered, they could not support a motion for reconsideration. *See Becerra v. Asher*, 921 F. Supp. 1538, 1548 (S.D. Tex. 1996) (citing *Waltman*, 875 F.2d at 473-74) ("Evidence that was available to a party at the time of the decision being challenged, but was not timely

10

notice from the Louisiana Workforce Commission certifying "that the worker whose name and Social Security Number appear above has been separated from work and that the above information is true and correct." *Id.* at 4. The information on the form includes that plaintiff was "terminated/fired" for "failure to perform duties, failure to report, violated company policies," and was a "disgruntled employee about her work task." *Id.* The form lists that her last day of work was October 23, 2016, and that her "employee date of separation" was October 23, 2016. *Id.* Further, defendant's "employee separation form" states that one reason for separation was that plaintiff was a "Disgruntled Employee about her work task." *Id.* at 8.

These documents directly contradict defendant's assertions that Apache "took no adverse action against plaintiff" and that "Apache was willing to place plaintiff on another assignment, when available; however, plaintiff took no steps to follow up with Apache." Rec. Doc. 78-2 at 9. They also contradict the statements made by defendant's corporate representative in defendant's August 2021 deposition. *See* Rec. Doc. 170 at 4-5. This information seems to suggest that a termination in October 2016 occurred because plaintiff was a "disgruntled employee." *See* Rec. Doc. 170-2 at 4, 8. However, ultimately, plaintiff has not carried her burden to

---

submitted, does not ordinarily qualify as newly-discovered evidence."); *Atchafalaya Basinkeeper*, 663 F. App'x at 294.

show that consideration of these new facts would probably change the outcome of her suit. *See* Rec. Docs. 166-1, 170; *Ferraro*, 796 F.3d at 535. She merely states that "Defendant's inconsistent responses . . . create a credibility question and establishes a genuine issue of material fact." Rec. Doc. 170 at 5.

Moreover, even if plaintiff had demonstrated that the evidence would probably change the outcome of her suit, plaintiff has not met her burden of proving that the Louisiana Workforce Commission documents "could not have been discovered earlier by proper diligence." *See Ferraro*, 796 F.3d at 535. On February 15, 2022, defendant's counsel emailed plaintiff stating "Apache found the attached documents that should have been produced along with Ms. Dunn's personnel file, and we are supplementing our production. My apologies that it was not produced earlier, as we are just seeing it for the first time as well." Rec. Doc. 170-2 at 1. Plaintiff fails to show that the Louisiana Workforce Commission documents were previously unavailable to her via request or subpoena by her directly to the Commission before the Court granted summary judgment on plaintiff's retaliation claim. *Becerra*, 921 F. Supp. at 1548 (finding no newly discovered evidence because the evidence in a newly produced affidavit was available to plaintiff long before summary judgment was granted).

Plaintiff fails to explain whether these documents could have been discovered through other means, and if so, why those means

were not pursued. *See* Rec. Doc. 170 at 4-5; *Becerra*, 921 F. Supp. at 1548 ("Evidence that was available to a party at the time of the decision being challenged, but was not timely submitted, does not ordinarily qualify as newly-discovered evidence."); *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) ("[T]he unexcused failure to present evidence which is available at the time summary judgment is under consideration constitute a valid basis for denying a motion to reconsider."); *Lopez v. City of Biloxi, Miss.*, No. 1:03cv122WJG-JMR, 2006 WL 2255149, at *2 (S.D. Miss. Aug. 6, 2006) (finding no newly discovered evidence because plaintiff "has done nothing to show that the underlying facts supporting his motion to reconsider were not within his knowledge prior to the Court's entry of judgment"). Accordingly, at this time, the February 15, 2022 production has not been shown to constitute "newly discovered evidence" warranting reconsideration of the Court's prior ruling.[6]

Plaintiff also suggests that the Court's Order at Record Document 104 merits reconsideration because defendant's corporate deposition and November 29, 2021 responses create an issue of credibility, and thus, a genuine issue of material fact. *See* Rec. Doc. 170 at 3-5. The underlying source documents from the Commission could have been discovered earlier by proper diligence.

---

[6] Whether the "newly discovered evidence" is merely cumulative or impeaching does not seem to be at issue here. *See Infusion Res.*, 351 F.3d at 696-97.

Plaintiff has not met her burden of proving these facts could not have been discovered earlier by proper diligence and would probably change the outcome of her suit. *See Ferraro*, 796 F.3d at 535. Thus, plaintiff's motion for reconsideration is dismissed.[7]

To the extent it is shown at trial that the "newly discovered evidence" could not have been discovered earlier by proper diligence and would probably change the outcome of plaintiff's suit, the previous decision (Rec. Doc. 104) remains subject to further consideration at trial.

New Orleans, Louisiana this 17th day of March, 2022

SENIOR UNITED STATES DISTRICT JUDGE

---

[7] In plaintiff's reply in support of her motion for reconsideration, she discusses at length whether the questions posed in Apache's corporate deposition were proper. *See* Rec. Doc. 170 at 7-10. The Court need not address these arguments as it is irrelevant to whether the deposition constitutes newly discovered evidence. It may be admissible for other purposes, e.g. impeachment.