**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GERALDINE DUNN**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 17-12777**

**APACHE INDUSTRIAL SERVICES, INC.**                                    **SECTION "B"(1)**

## ORDER AND REASONS

Considering plaintiff's "ex parte motion to stay … and continue trial" (Rec. Doc. 174) and plaintiff's "ex parte motion for leave to request expedited hearing" of the latter motion (Rec. Doc. 175),

**IT IS ORDERED** that the motion to expedite (Rec. Doc. 175) is **GRANTED,** without need of further briefing or hearing; and

**IT IS FURTHER ORDERED** that the motion to stay and continue trial (Rec. Doc. 174) is **DENIED**. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam). The court considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely

1

move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

Plaintiff states that "she cannot adequately prepare for trial without a decision on" her motion for reconsideration (Rec. Doc. 166), which is currently pending before this Court. Rec. Doc. 174 at 5. She continues that "even if a decision is made immediately on the aforementioned Motion for Reconsideration, she will still be prejudiced in moving forward with trial on April 4, 2022 [and] in incorporating the additional claim in her trial preparation and/or moving for leave to appeal any adverse decision on the aforementioned Motion for Reconsideration." *Id.* However, the instant matter has been pending since November 20, 2017. *See* Rec. Doc. 1. Regardless of whether the Court grants or dismisses plaintiff's motion for reconsideration, plaintiff has had over four years to prepare for trial. There is no reason that after filing the motion for reconsideration, plaintiff could not have incorporated the possibility of a reinstated retaliation claim into her trial preparation. *See* Rec. Doc. 166. Additionally, knowing that trial was scheduled for April 4, 2022, plaintiff decided to file a motion for reconsideration on February 15, 2022 regarding a ruling from eighteen months ago. *See* Rec. Doc. 166. Self-imposed reasons for a delay do not amount to a showing of

good cause. *See Squyres*, 782 F.3d at 238 (affirming a district court's decision to deny a motion to continue discovery deadlines because "the parties' delay in conducting discovery was self-imposed"); *Bilbe v. Belson*, 530 F.3d 314, 317 (5th Cir. 2008) (affording "district courts a great deal of deference in determining whether to modify scheduling orders, especially where, as here, the record suggests that the movant repeatedly demonstrated a lack of diligence"); *Meaux*, 607 F.3d at 168 (affirming denial of continuance because "trial was imminent" and "unfortunate timing was largely defendants' fault").

Furthermore, considering that this matter has been pending for over four years and defendant opposes plaintiff's motion, it is likely that defendant would be prejudiced by a trial continuance at this late stage. *See Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020) (finding plaintiff did not show good cause for changing a scheduling order when "doing so would have disrupted the trial date, which was less than a month away"); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 497 (S.D. Tex. 2009) (including whether an extension would delay trial as a factor in determining prejudice); *Knoth v. Apollo Endosurgery US, Inc.*, No. 5:18-cv-49-DCB-MTP, 2021 WL 5098285, at *3 (S.D. Miss. Nov. 2, 2021) (citing that the case "has been pending for nearly three and a half years" as a reason not to modify the scheduling order). Additionally, the stated reason for the motion is mooted by a

3

recent decision that rejected plaintiff's contention that newly discovered evidence warrants reconsideration of the ruling from eighteen months ago.

New Orleans, Louisiana this 17th day of March, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE